IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABBAS BEN AFSHARI,<br><br>        Plaintiff,<br><br>v.<br><br>GAME WARNING SYSTEMS, INC.,<br><br>        Defendant. | Case No. CV-04-277-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Abbas Ben Afshari has sued defendant Game Warning Systems, Inc. ("GWS"), claiming they infringed his patent, United States Patent No. 6,725,854 ("the '854 patent"). GWS denies Afshari's claim of infringement and counterclaims that the patent is invalid.

GWS seeks summary judgment on both the infringement and validity issues. Afshari responded by filing a motion for partial summary judgment on the infringement issue.

The Court held oral argument and took the motions under advisement. For the reasons expressed below, the Court finds as a matter of law that the GWS device infringes the '854 patent, but that questions of fact preclude summary

**Memorandum Decision and Order -- Page 1**

judgment on the validity issue.

## FACTUAL BACKGROUND

The '854 patent is for an illuminated archery sight used by bow hunters. The structure described in the '854 patent is a sight pin used for aiming a bow, with the sight pin supporting the tip of a fiber optic member that provides an illuminated aiming indicia during times of low light.

The '854 patent consists of 12 claims. Claims 1 to 6 and 8 to 11 describe a non-electric fiber optic luminescent member or its equivalent. The GWS bow sight does not have a non-electric member, and thus does not infringe claims 1 to 6 and 8 to 11 of the '854 patent.

Afshari claims, however, that the GWS sight infringes claim 7 of the '854 patent. The Court will begin by interpreting that claim.

## ANALYSIS

1. **Claim Interpretation**

The interpretation of claims is a question of law. *See Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996). To ascertain the meaning of claims, the Court looks to three primary sources: The claims themselves, the specifications, and the prosecution history. *Id*. at 979

The Court must start with the words of the claims themselves. *See Vitronics*

**Memorandum Decision and Order -- Page 2**

*Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).  Words in a claim are given their ordinary and customary meaning, although the patentee is free "to be his or her own lexicographer and thus may use terms in a manner contrary to or inconsistent with one or more of their ordinary meanings."  *Id.* (quoting *Hormone Research Foundation Inc. v. Genentech Inc.,* 904 F.2d 1558, 1563 (Fed.Cir. 1990)).

The elements of claim 7, quoted directly from the '854 patent, are set forth as follows:

> A bow sight, comprising:
> a pin guard defining a sight window, said pin guard configured for coupling to a bow with at least one mounting member, said pin guard defining a channel in an exterior surface thereof, the channel at least partially exposed to ambient light;
>
> at least one sight pin coupled to said pin guard and extending into said sight window; and
>
> An elongate fiber optic member attached to said at least one sight pin having a first end and a second end, said first end supported by said at least one sight pin proximate said first end, said first end forming a sight indicia when viewing a front side of said at least one sight pin, and said elongate fiber optic member disposed at least partially within said channel for light gathering when the pin guard is exposed to light.

This claim is quite simple.  Because the claim contains no indication that it is using terms in any special way, the Court will interpret this claim according to the ordinary meaning of its terms.

**Memorandum Decision and Order -- Page 3**

Claim 7 describes a bow sight comprising a pin guard defining a sight window. The pin guard must be configured for coupling to a bow with at least one mounting member. Coupled to the pin guard is a sight pin, one end of which extends into the sight window. To that end is attached an elongate fiber optic member, forming a sight indicia (an aiming aid) when viewed by the bow user. The remainder of the fiber optic member is at least partially disposed within a channel formed on the exterior of the pin guard to gather light when the pin guard is exposed to light. The channel could be a groove, conduit, or passageway that contains the fiber optic member on the exterior of the pin guard and allows that member to be exposed to light. The pin guard itself is designed to protect the sight pin and attached fiber optic member. The pin guard may be in any configuration – square, round, c-shaped, etc. – so long as it otherwise meets the elements of the claim set forth above.

**2.     Infringement Analysis**

The Court must now determine whether the GWS device – specifically the Micro Sight model nos. 96222 and 96223 – infringes claim 7 as so interpreted. To infringe, the GWS device must embody each claim limitation exactly or its equivalent. *See Charles Greiner & Co. v. Meri-Med Mfg.*, 962 F.2d 1031 (Fed. Cir. 1992). "In determining an infringement, resort must be had in the first

instance to the words of the patent claims, and if the accused device falls clearly and definitely within those claims, infringement is made out." 6 *Walker on Patents* § 22.23 at 512 (1987). This is known as literal infringement. *Id.*

The lack of literal infringement does not end the analysis, however; the Court must go on to determine if the Doctrine of Equivalents applies. *Id*. at 513. The Doctrine of Equivalents is an equitable doctrine that prevents a fraud on the patent. *See Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605 (1950). Under the Doctrine of Equivalents, an accused product that does not literally infringe a claim may infringe "if it performs substantially the same function in substantially the same way to obtain the same result." *Id.* at 608.

The GWS device is a single-pin, ring-shaped sight made of clear plastic. The ring defines the sight window, protects the pin and fiber, and is coupled to the mechanism for attaching the sight to a bow. The ring consists of two clear plastic parts: an inner and outer ring. The sight pin is attached to the inner ring. The fiber wraps around the exterior of the inner ring. An outer ring slips over the inner ring and is held in place by screws. The outer ring protects the fibers and carries the structure for attaching the ring to the bow mount.

GWS alleges that there are three important differences between its device and the device described in claim 7 of the '854: (1) The GWS device has two rings

**Memorandum Decision and Order -- Page 5**

while Claim 7 describes a single ring; (2) The GWS sight pin is attached to an inner ring, not the pin guard as described in Claim 7; and (3) The GWS device's outer ring has no channel on the exterior to accommodate the fiber optic wrappings as described in Claim 7 – instead, the GWS device has the fiber optic member wrapped around the exterior of the inner ring.

The Court disagrees with GWS's efforts to distance its device from the patent. The inner ring of the GWS device is a pin guard – it surrounds the sight pin and is clearly designed as a protective covering. The sight pin, with a fiber optic member attached to one end, is coupled to this inner ring/pin guard. The rest of the fiber optic member is wrapped around the exterior of the inner ring/pin guard, and contained within a passageway formed by raised plastic sections. The passageway allows the member to be exposed to light. The inner ring/pin guard is configured for mounting to a bow: It has two screw holes to allow it to be attached to an outer ring that contains the mounting hardware.

Thus, the GWS device is identical to claim 7 of the '854 patent – there is literal infringement. GWS argues, however, that the outer ring of its device is not described in the patent, thereby rendering its device non-infringing. The Court disagrees. Under the Rule of Addition, a device that contains all the elements of a patent's claim will literally infringe that claim even if the defendant "adds" other

**Memorandum Decision and Order -- Page 6**

elements to the device:

> It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device. For example, a pencil structurally infringing a patent claim wold not become noninfringing when incorporated into a complex machine that limits or controls what the pencil can write. Neither would infringement be negated simply because the patentee failed to contemplate use of the pencil in that environment.

*Carl Zeiss Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1178 (Fed. Cir. 1991). The GWS device – that reads on each element of claim 7 – is not rendered non-infringing simply because GWS added an outer ring. However, even if the outer ring somehow acted to avoid literal infringement, the Doctrine of Equivalents would clearly apply. The two rings on the GWS device perform substantially the same function as that described in claim 7 in substantially the same way to obtain the same result.

Summary judgment is appropriate in a patent case "when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury." *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed.Cir. 2002). Here, the only conclusion that a reasonable jury could reach is that the GWS device – the Micro Sight, models 96222 and 96223 – infringes claim 7 of the '854 patent. The Court will therefore grant Afshari's motion for partial summary judgment on infringement and deny GWS's motion to the extent it seeks summary

judgment on the infringement issue.

3.     **Validity Analysis**

GWS has filed a motion for summary judgment seeking a ruling that the '854 patent is invalid. The Court finds that genuine issues of material fact exist that preclude granting summary judgment. This motion shall therefore be denied.

**ORDER**

In accordance with the terms of the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED, that Afshari's cross motion for Partial Summary Judgment on Issue of Infringement (Docket No. 25) is GRANTED. Accordingly, the Court finds as a matter of law that the GWS device – the Micro Sight, models 96222 and 96223 – infringes claim 7 of the '854 patent.

IT IS FURTHER ORDERED, that GWS's motion for summary judgment that the GWS device – the Micro Sight, models 96222 and 96223 – does not infringe claims 1-6 and 8-11 of the '854 patent (docket no. 21– part 1) is GRANTED.

IT IS FURTHER ORDERED, that GWS's motion for summary judgment for the Court to determine non-infringement of claims 7 and 12 of the '854 patent,

and patent invalidity (docket no. 21 – parts 2 & 3) is DENIED.

DATED: **May 8, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- Page 9**